**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Eitan Maximov,<br><br>　　　　　　Defendant. | No. CR10-822-PHX-DGC<br><br>**ORDER** |

The government has filed a motion to admit evidence of Defendant's other acts. Doc. 101. The motion is fully briefed. Docs. 133, 159. The Court heard oral argument on October 27, 2011. For the reasons that follow, the Court will grant the motion.

**I.　Background.**

Defendant Eitan Maximov is charged with one count of conspiracy to commit wire and bank fraud and two counts of wire fraud. Doc. 1. The indictment initially charged Defendant with a fourth count of bank fraud, but that count has been dismissed by the government as reflected in the discussion at the October 27, 2011 hearing and an order entered contemporaneously with this order.

The conspiracy count identifies four parcels of real estate, and transactions related to those parcels, as overt acts for the conspiracy. The four parcels are at North 39th Avenue, Lot 1 of North 39th Avenue, East Monte Cristo, and East Tracker Trail. Doc. 1 at 4-6. The government alleges that Defendant fraudulently attempted to secure

financing for these four properties. The alleged fraud included misrepresentations on loan applications made by Defendant or straw buyers recruited by Defendant, cash disbursements to Defendant or his companies that were concealed from lenders, and, with respect to three of the four properties, the use of co-conspirator Chris Bartlemus as the escrow agent to facilitate the transactions. The conspiracy is alleged to have occurred between June of 2006 and January 8, 2008.[1]

The government's motion concerns six additional properties. Transactions related to three of the properties – West Lynx Drive, East Sweetwater Road, and East Desert Cove Road – occurred in the eleven months before the alleged conspiracy. Doc. 101 at 2-3. Three other properties – West Desert Vista Trail, East Happy Valley Road, and North 171st Avenue – involved transactions or attempted transactions that occurred during the period of the conspiracy.

Defendant does not dispute that transactions related to the four properties identified in the conspiracy count are admissible in evidence.[2] The Court must therefore address the admissibility of evidence related to the three property transactions that allegedly occurred during the course of the conspiracy, but that are not identified in the conspiracy count, and the three property transactions that allegedly occurred before the conspiracy.

---

[1] There is some confusion in the conspiracy count on the dates of the alleged conspiracy. Paragraph 9 asserts that the conspiracy occurred between "[o]n or about July, 2006" and January 8, 2008. Paragraph 13, however, states that the first overt act occurred in June of 2006. The Court assumes the government intends to prove a conspiracy lasting from June of 2006 to January of 2008.

[2] There was some discussion at the hearing on October 27, 2011, regarding the evidence to be submitted with respect to the property at East Monte Cristo Road. The government agreed during the hearing that it will not attempt to present evidence that First Tennessee was the lender in the transaction related to this property, or that First Tennessee is a federally insured financial institution. The parties will present evidence on the $95,000 that allegedly was wrongfully disbursed as part of the transaction related to this property.

## II. Property Transactions Occurring During the Course of the Conspiracy.

The government's motion identified three properties that allegedly were the subject of transactions attempted by Defendant during the period of the conspiracy. These include Defendant's attempted purchase of 15576 West Desert Vista Trail on October 20, 2006, and Defendant's alleged attempt to re-sell the property to co-conspirator Josh Lewis in a double escrow; attempts by Defendant during 2006 to purchase the property at 10015 East Happy Valley Road, and to take a large amount of cash out of the transaction; and Defendant's attempt to refinance property at 30723 North 171st Avenue in February of 2007. Doc. 101 at 4. The government's motion does not argue that evidence concerning these properties is admissible under Federal Rule of Evidence 404(b). Rather, as explained at the hearing on October 27, 2011, the government views evidence relating to these properties as part of the conspiracy alleged in the indictment and as admissible to prove the extent of the conspiracy.

The Court has consulted a leading treatise on the admissibility of arguably "other acts" evidence concerning events arising during the course of the conspiracy. The treatise provides this helpful explanation:

> Courts often give the prosecution especially broad leeway in the use of other-crimes evidence when a conspiracy has been charged. Several circuits [including the Ninth Circuit] follow this approach. This is sometimes reflected by the fact that courts often admit such evidence without detailed analysis, even though it may seem that the evidence of other acts really seems to be mere propensity evidence.
>
> Other-crimes evidence also may be admitted in a conspiracy prosecution to demonstrate the interaction between the participants in the conspiracy. For example, evidence of other bad acts, if it satisfies Rule 403, can be admitted to explain the background, formation, and development of the illegal relationship. Other bad acts evidence is admissible if it helps the jurors understand the basis for the conspirators' relationship of mutual trust.
>
> Other-acts evidence in conspiracy prosecutions is also often justified on the theory that it shows plan or design, intent, or motive.

> *Rule 404(b)'s restrictions on the admissibility of other-acts evidence do not apply to acts done in furtherance of the conspiracy during the time the conspiracy is operative. Such acts are not other crimes at all, but are part of the conspiracy itself. Virtually all circuits recognize this principle.*

J. Weinstein & M. Berger, *Weinstein's Federal Evidence*, § 404.22[5][b] (Matthew Bender 2d ed. 2011) (emphasis added, footnotes omitted).

Ninth Circuit law comports with this explanation. *See United States v. Sitton*, 968 F.2d 947, 958 (9th Cir. 1992) (evidence of other drug-related acts occurring during the period of the alleged drug conspiracy admissible to show that the defendant "was involved with drugs and weapons (the alleged purposes and means of the conspiracy) during the relevant period") (abrogation on other grounds recognized in *United States v. Williams*, 282 F.3d 679, 681 (9th Cir. 2002)); *United States v. Lai*, 944 F.2d 1434, 1439 (9th Cir. 1991) (evidence of other drug transactions occurring during the period of the alleged drug conspiracy "is not barred by Rule 404(b) because it was direct evidence of the conspiracy") (abrogation on other grounds recognized in *LaLonde v. County of Riverside*, 204 F.3d 947, 957 (9th Cir. 2000)).

The Court concludes that evidence of fraudulent real estate transactions occurring during the period of the alleged conspiracy in this case is admissible to prove Defendant's involvement in, and the scope and means of, the conspiracy. This evidence may include transactions related to the three properties not specifically identified in the conspiracy count – West Desert Vista Trail, East Happy Valley Road, and North 171st Avenue. The evidence provides further support that the conspiracy included cooperation between Defendant and escrow agent Bartlemus, the use of straw buyers, and attempts to take large amounts of cash out of real estate transactions. These transactions, occurring during the period of the alleged conspiracy, are relevant to the government's proof of the conspiracy, its scope, its means, and its actors.

The Court also concludes that this evidence is not precluded by Rule 403. The Court finds the evidence to be highly probative of the alleged conspiracy, and that it does

not present a substantial risk of unfair prejudice or jury confusion. The jury may consider this evidence as proof of the conspiracy alleged by the government. Any alleged flaws or weaknesses in the evidence may be demonstrated by Defendant during the course of trial. Although the evidence may be prejudicial to the defense, the Court sees no basis for concluding that it would be unfairly prejudicial. Unfair prejudice occurs when evidence leads a jury to make its decision on factors other than the merits of the case, commonly on the basis of emotion. *Weinstein's*, § 403.04[1][b]. The Court sees no risk that evidence of these other transactions, occurring during the period of the conspiracy and involving many of the same actors and means as the conspiracy, will present such a risk of unfair prejudice.

### III. Pre-Conspiracy Transactions.

The government seeks to present evidence of transactions occurring before the conspiracy in this case. The transactions relate to three properties: 3729 West Lynx Drive, 5414 East Sweetwater Road, and 4925 East Desert Cove, No. 214. Doc. 101 at 2-3. The transactions allegedly occurred between July of 2005 and October of 2005, less than eleven months before commencement of the alleged conspiracy. The government seeks to present evidence that Defendant made false representations in loan applications he submitted to purchase these properties. The government also argues that the evidence will show the involvement of escrow agent Chris Bartlemus in at least one of the transactions, will show Defendant attempting to obtain cash from the properties through home equity loans, and will explain why Defendant, having already acquired these three properties, needed to use straw purchasers to make acquisitions during the course of the conspiracy.

The government argues that this evidence is inextricably intertwined with the conspiracy. As the Ninth Circuit has explained, "[t]here are generally two categories of cases in which we have concluded that 'other act' evidence is inextricably intertwined with the crime with which the defendant is charged and therefore need not meet the

requirements of Rule 404(b)." *United States v. Viscarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). "First, we have sometimes allowed evidence to be admitted because it constitutes a part of the transaction that serves as the basis for the criminal charge." *Id*. This requirement is satisfied if the offenses are part of a "single criminal episode" with other charged crimes. Acts falling within the same criminal episode are not inadmissible simply because the defendant is indicted for less than all of his actions. *Id*. "Second, we have allowed 'other act' evidence to be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime[.] *Id*. at 1012-13. The jury "cannot be expected to make its decision in a void – without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." *Id*.

The Court concludes that the pre-conspiracy transactions identified by the government constitute part of a single criminal episode allegedly committed by Defendant – an effort during rising real estate prices in 2005-2008 to acquire properties through false representations and extract cash from the properties before they went into foreclosure. In addition, Defendant's acquisitions of the three properties in the second half of 2005 help explain why it was necessary for him to begin using straw buyers during the period of the conspiracy. Having already acquired three properties in his own name, Defendant's ability to borrow additional sums and acquire further properties was limited. The government will argue that this made it necessary for Defendant to recruit straw buyers if he was to continue his efforts to acquire properties through fraudulent representations and extract cash from them. Moreover, the evidence will demonstrate that Defendant had established a relationship with co-conspirator Bartlemus as early as July of 2005 – a relationship that became important during the period of the alleged conspiracy. Because the evidence is inextricably intertwined with the conspiracy crime contained in the Indictment, the Court concludes that it is admissible without regard to whether it meets the requirements of Rule 404(b).

The Court also concludes, however, that the evidence satisfies Rule 404(b). To be admissible under this rule, other acts evidence must (1) tend to prove a material point, (2) be sufficient to support a finding that the defendant committed the act, (3) be similar to the offense charged when introduced to show intent, and (4) not be too remote in time. *United States v. Smith*, 282 F.3d 758, 768 (9th Cir. 2002). Each of these requirements is satisfied.

First, the 2005 transactions tend to prove several material points in this case – defendant's means of using false representations to acquire property, the absence of mistake in the use of such false representations, Defendant's practice of extracting cash from properties before they went into foreclosure, and Defendant's relationship with co-conspirator Bartlemus.

Second, evidence to be submitted by the government is sufficient to support a finding that Defendant committed the other acts. The government will present evidence that Defendant applied for loans in connection with purchases of the 2005 properties, and that he made false representations in the loan applications.

Third, to the extent the evidence is used to show Defendant's motive (to acquire properties and extract cash) and intent (to mislead lenders into providing the financing that would facilitate his acquisition of properties and extraction of cash), the 2005 transactions are sufficiently similar to those alleged in the conspiracy. In each transaction, Defendant acquired residential real estate, in Maricopa County, Arizona, through the use of false statements and loan applications. Defendant used home equity loans to extract cash from the properties, and used co-conspirator Bartlemus in at least one of the transactions.

Finally, the 2005 transactions are not too remote in time. They occurred within eleven months of the alleged conspiracy.

In addition to finding that evidence of the 2005 transaction satisfies Rule 404(b), the Court must also be satisfied that it is admissible under Rule 403. The Court finds the

evidence of the 2005 transactions to be highly probative. It demonstrates Defendant's motive and intent to acquire residential real estate, through false representations, and extract cash from the properties. It helps explain why Defendant was required to begin using straw buyers during the period of the conspiracy. It demonstrates that Defendant, who is a citizen of Israel and whose primary language is Hebrew, did not make misrepresentations through mistake or language confusion. And it shows Defendant's relationship with co-conspirator Bartlemus eleven months before commencement of the conspiracy.

The Court does not find that this probative value will be substantially outweighed by the risk of unfair prejudice. The Court will instruct the jury that the 2005 transactions are not part of the crimes charged in the indictment and that the evidence may be considered only as it relates to intent, motive, means, and absence of mistake.[3] In light of such a jury instruction, the Court is confident that evidence of the 2005 transactions will not result in unfair prejudice to Defendant.

**IT IS ORDERED** that the United States' motion to admit evidence of Defendant's other acts (Doc. 101) is **granted**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on _____ for a total of \_\_\_\_ days.

Dated this 31st day of October, 2011.

_____
David G. Campbell
United States District Judge

---

[3] The Court requests that the parties submit a proposed jury instruction to this effect.

- 8 -