WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-10-0822-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Eitan Maximov, | |
| Defendant. | |

Defendant Eitan Maximov seeks an order requiring the government to disclose documents underlying its expert opinions on the authenticity and value of certain seized watches, permit depositions of the government's experts, grant access to photographs and seized property in the government's possession, and disclose documents related to seized vehicles. Doc. 421. The motion relates to a pending motion in which Defendant seeks the return of property under Federal Rule of Criminal Procedure 41(g) and on which Defendant has requested an evidentiary hearing. *See* Doc. 389. The government has not sought forfeiture of the seized property and does not claim that the property has evidentiary value in this now-concluded criminal case.

The government responds to Defendant's motion by citing the restrictive standard for the pre-indictment return of property under Rule 41(g), which does not apply to this post-indictment situation. Doc. 430 at 2. The government also argues that Defendant's pending motion under Rule 41(g) amounts to a civil action that should be dismissed under Federal Rules of Civil Procedure 12(b)(6) and 56. *Id.* at 1-4. But the government did not make these arguments in response to Defendant's Rule 41(g) motion. *See*

Doc. 405. Instead, the government opposed Defendant's motion by arguing that the watches seized from Defendant need not be returned because they are counterfeit and therefore contraband, citing the very experts about whom Defendant now seeks discovery. *Id.* at 3-4. Because the government has relied on these experts in opposing Defendant's motion, discovery concerning their opinions will be permitted.

The government's argument that Defendant is not entitled to this information because he has provided no evidence that the watches are authentic is far off the mark. The government bears the burden of proof on a Rule 41(g) motion for return of property brought after criminal proceedings have terminated. *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999). "At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *Id.* Defendant is entitled to obtain information that will enable him to test the government's assertion that the watches are not authentic and are contraband.

The government shall be required, by July 20, 2012, to provide Defendant with the requested digital photographs of the watches. Because Defendant has indicated that access to the photographs may enable his expert to resolve this issue, only the photographs will be required at this time. If the photographs are not sufficient, the Court will require the government to provide Defendant's expert prompt and reasonable access to the watches. The Court will not at this time grant Defendant's request for depositions of the experts; the Court believes that the evidentiary hearing on this issue, if necessary, most likely can be held without depositions. If Defendant concludes that an evidentiary hearing is necessary, the Court will require Defendant to provide the government with a report from his expert comparable to the reports provided by the government. Finally, the Court finds that the government has disclosed sufficient information concerning the qualifications of its experts and will not require more. *See* Docs. 405-2 at 3; 405-3 at 2-3.

Defendant also seeks to obtain documentation related to cars seized by the government. The government asserts that it surrendered the cars to lienholders.

Doc. 405 at 4. Rule 41(g) does not require the government to return property it does not possess, but a court may not rely solely on the government's assertion that the property is no longer in its possession. *Chambers*, 192 F.3d at 377-78. "The government must do more than state, without documentary support, that it no longer possesses the property at issue." *Id.*

By July 20, 2012, the government shall produce to Defendant any documents in its possession relating to ownership of the seized vehicles, liens on the vehicles, and return of the vehicles to the lienholders.

**IT IS ORDERED:**

1. Defendant's motion to compel disclosure (Doc. 421) is **granted** as set forth above.
2. The government's motion for summary judgment (Doc. 430) is **denied**.

Dated this 13th day of July, 2012.

_____
David G. Campbell
United States District Judge